### W. L. PATRICK v. A. A. SPRINGS.

(Filed 1 March, 1911.)

1. **Public Inns—Hotels—Guests—Invitation—Negligence.**

   A hotel keeper, from the nature of his occupation, extends an invitation to all who come on his premises; and though not an insurer of the guest's personal safety, he is responsible in damages for injuries received by the guest from being placed in an unsafe or unsanitary room.

2. **Same—Contributory Negligence—Evidence—Questions for Jury.**

   In this case there was evidence tending to show that the plaintiff, a guest at defendant's hotel, was shown into a bedroom wherein there was a defective gas fixture by which a light was furnished to the occupant, by reason of not having a safety-pin to prevent the turning of the key all the way around, and that the gas fixture was not safe in consequence; that before retiring for the night the plaintiff discovered the absence of this safety-pin, but turned the key to where it should have stopped, and could smell no gas escaping, and thereupon he retired, but was injured by asphyxiation that night when asleep: *Held,* a motion to nonsuit was properly denied, there being evidence of

defendant's negligence; and it was for the jury to say whether, according to the rule of the prudent man, the plaintiff was guilty of such contributory negligence as would bar his recovery.

APPEAL from *Ward, J.,* at July Special Term, 1910, of HYDE.

The action was brought to recover damages of defendant Springs, the keeper of a hotel in Washington, N. C., for damages suffered by plaintiff by reason of having been assigned to an unsanitary room in which was an unsafe and leaky gas fixture.

The usual issues were submitted of negligence, contributory negligence, and damage. The jury answered first issue "Yes," the second "No," and assessed plaintiff's damage at $250. The court rendered judgment for plaintiff, and defendant appealed.

*W. M. Bond for plaintiff.*
*Small, McLean & McMullan for defendant.*

BROWN, J. The record discloses that this action was brought by the plaintiff to recover damages suffered by reason of being asphyxiated while plaintiff was a guest in defendant's hotel in Washington, N. C. The testimony shows that plaintiff and companion were assigned by defendant's clerk to a room in defendant's hotel. The evidence of plaintiff tends to prove that he resided in Hyde County and was visiting Washington and stopped at defendant's hotel with his companion, one Mann. They were assigned to a room and went to bed about 11 o'clock at night. The hotel was lighted by gas, and the plaintiff's room had a gas burner with no stop or safety-pin in it, so that the key was loose and could be turned all way around. Defendant's witness, Martin, testifies he examined fixture next morning, having been called in to fix it. He says the safety-pin was out, and that with the pin out it would not be safe.

Plaintiff testifies that he turned out gas carefully and discovered that there was no stop-pin, and that he turned the key at place where it should stop and that he could smell no gas. Then he went to bed. During night he woke up and found Mann crawling over him. The room was full of gas. He says

he was asphyxiated, but managed to reach the door and called for help. Plaintiff testifies that he has not recovered from the effects. There are no exceptions to evidence. The motion to nonsuit was properly denied.

There has been considerable discussion by judges and text-writers as to the liability of an innkeeper for personal injuries sustained by a guest. Cases are to be found where the inn-keeper has been held liable for assaults by servants, and cases *contra.* But it seems now to be well settled that in case of an injury occurring in consequence of the unsanitary and defect-ive condition of the inn premises, or room to which a guest is assigned, the innkeeper is liable upon the same principles ap-plicable in other cases where persons come on the premises at the invitation of the owner or occupant and are injured in consequence of their dangerous condition.

The innkeeper is not an insurer of his guests' personal safety, but his liability does extend to injuries received by the guests from being placed in an unsafe room. This is a matter pe-culiarly within the innkeeper's knowledge and entirely beyond the control of the guest. In that particular he is peculiarly within the innkeeper's power and protection. *Ten Brock v. Wells,* 47 Fed., 670; *West v. Thomas,* 97 Ala., 622; *Stanley v. Bircher,* 78 Mo., 245; 16 Am. and Eng., 547; *Sandys v. Flor-ence,* 47 L. J. C. Pl., 598; 22 Cyc., 1081.

. This is not only the settled law of this country, but is held by the courts of Great Britain.

One who keeps a public house extends an invitation to all to come on his premises, and is therefore liable for injuries sus-tained in consequence of the bad condition of his inn premises. *Oxford v. Prior,* 14 W. R., 611. This principle is applied in cases of warehousemen, common carriers, and the like. *Finch v. R. R.,* 151 N. C., 106; Fetter on Carriers, 228. When the plaintiff proved the unsafe and defective condition of the gas fixture, in consequence of which gas escaped during the night and injured him, he made out a *prima facie* case of negligence, which it was defendant's duty to answer.

The learned counsel for defendant, Mr. McMullan, in a well considered argument, insists that the plaintiff is guilty of con-

tributory negligence upon his own evidence, and for that reason the motion to nonsuit should have been sustained. We are not prepared to go that far under the circumstances in which plaintiff was placed.

It is undoubtedly true that if the defect is an obvious one, the guest must use reasonable care on his part, and if he is himself negligent and could have avoided the injury by due care, he cannot recover. 22 Cyc., 1081, and cases cited.

There are circumstances when the court can declare as matter of law whether a person has exercised reasonable care, but there are conditions when the question can only be solved by adopting the rule of the prudent man and submitting the matter to the jury. We think, under the conditions surrounding plaintiff, it cannot be fairly held that he necessarily failed to exercise due care as a matter of law. He fixed the key, as he thought, safely so as to cut off the gas. Smelling none, he retired and went to sleep. The gas may have escaped through the loose key during the night by reason of continued pressure, the key not being firm enough in place to hold it.

We think the question one peculiarly for the jury under such circumstances, and that it was fairly presented by the court to them.

We find no error in the charge of which the defendant can justly complain.

No error.