## CROCKETT v. TROYK et al.
### No. 8013.

Court of Civil Appeals of Texas. Austin.
Jan. 16, 1935.

Rehearing Denied Feb. 6, 1935.

Coleman Gay, of Austin, and Touchstone, Wight, Gormley & Price, of Dallas, for plaintiff in error.

Hart, Patterson & Hart, of Austin, for defendants in error.

BLAIR, Justice.

The parties will be designated appellant and appellee.

Appellee, Mrs. Irene Troyk, sued appellant, M. H. Crockett, and recovered judgment for $4,000 as damages resulting from injuries received by appellee in a gas explosion, which occurred in the tourist cabin of appellant

while the relation of innkeeper and guest existed between them.

Appellee alleged, and the jury found, that her injuries resulted from a gas explosion, caused by some negligent act of appellant in permitting gas to escape in the cabin, it being alleged that such gas had escaped in, and accumulated at the ceiling of, the cabin prior to and during the time appellee occupied it, and had gradually become packed downward to a level with the pilot light on the water heater, which ignited the gas and caused the explosion; that on the morning after spending the night in the cabin with her small baby appellee raised the windows near the bed and went to the lavatory; that the air from the open window caused the accumulated gas to circulate and come in contact with the pilot light on the water heater, which ignited the gas and caused the explosion. As specific acts of negligence, appellee alleged, and the jury found, as follows:

(a) That appellant used a leaky or defective gas connection between the gas heating stove and the gas cock at the wall, which permitted the gas to escape in, and accumulate at the ceiling of, the cabin; that the use of the defective gas connection was negligence; and that such negligence was a proximate cause of the explosion.

(b) That the gas connection to the heating stove was a rubber hose, used in violation of a city ordinance; that the use of such rubber hose was negligence; and that such negligence was a proximate cause of the explosion.

(c) That gas had been permitted to escape in the cabin from gas pipes, appliances, or gas connection prior to the time appellee occupied it; that the presence of such gas in the cabin when appellee occupied it was due to the negligence of appellant in failing to inspect and maintain the cabin in a reasonably safe condition for guests; and that such negligence was a proximate cause of the explosion.

The sole question presented is the legal sufficiency of the evidence to sustain the jury findings that the use of the defective rubber hose connection caused, or contributed to cause, the explosion. Appellant contends that the undisputed evidence showed it to be impossible for enough gas to have escaped from the defective rubber hose to cause the explosion during the two hours appellee testified she used the heating stove before retiring for the night, at which time she closed the gas cock at the wall and disconnected the rubber hose. From such interpretation of the facts appellant concludes that appellee failed to show "any causal connection between the use of the rubber hose and the explosion." We do not sustain the contention.

Appellee's right of recovery was not limited to a gas explosion caused by gas which escaped in the cabin during the time she occupied it. She alleged that such gas escaped in and accumulated in the cabin prior to and during the time she occupied it. The proof showed that for several days prior to, and for two hours during, the occupancy by appellee, the defective rubber hose was used in the cabin. The jury found that gas which escaped from gas connections and accumulated in the cabin prior to its occupancy was a proximate cause of the explosion, and that gas which escaped from the defective hose connection during the time appellee occupied the cabin was a proximate cause of the explosion.

The aforementioned findings of the jury are fully sustained by the testimony of the city gas inspector and the city fire marshal of Austin, experts from long experience in the matter of gas explosions. They inspected the cabin about six minutes after the explosion occurred, examined the rubber hose connection, and found small holes in it, through which, in their opinion, enough gas leaked in the cabin during the several days of its use to cause the explosion. One of them was of the opinion that enough gas leaked through the defective hose during the two hours appellee used it to have caused the explosion. Each testified that from his examination of the cabin, his knowledge and experience in the matter of gas explosions, it was his opinion that gas escaped through the leaky hose in the cabin during the several days of its use; and that, because the gas was lighter than air, it rose and accumulated at the rockboard ceiling of the cabin, gradually becoming packed downward to a level with the pilot light on the water heater, which ignited the gas and caused the explosion; or that, upon appellee opening the windows of the cabin, the air caused the gas which had accumulated at the ceiling to circulate and come in contact with the pilot light on the water heater, which ignited the gas and caused the explosion.

But appellant says that the undisputed testimony of an expert employed by him, who made measurements of the cabin and by mathematical calculation, chemical formula, and long experience in the matter of gas explosion, showed as a matter of law that the explosion was not a gas explosion,

principally upon the theory that the hot air from the gas heating stove would rise to the ceiling and press the gas accumulated there downward and back through the burning stove, where it would be consumed by the fire. But the explosion did occur, and the evidence fully supports the jury finding that it was a gas explosion. Manifestly, the testimony of the expert who testified in behalf of appellant did not and could not as a matter of law take the place of or destroy the testimony of experts who testified in behalf of appellee as to the causation of the explosion. Each of the experts based his opinion as to causation of the explosion from examination of the premises and from learning from books or practical experience in the matter of gas explosions. In such cases, the opinion given by the expert as to causation of an explosion is not a speculative one, but is knowledge which may or may not amount to certainty, and would be of aid to the jury of laymen in the determination of causation of the explosion. United States Fidelity & Guaranty Co. v. Rochester (Tex. Civ. App.) 281 S. W. 306, affirmed 115 Tex. 404, 283 S. W. 135; Dunlap Hardware Co. v. E. F. Elmberg Co. (Tex. Civ. App.) 252 S. W. 1098, affirmed (Tex. Com. App.) 267 S. W. 258. In any event, the evidence adduced by both parties merely presented a difference of opinion of experts as to the character of the explosion and how it occurred, all of which were matters for the jury to determine. The jury could have reasonably inferred from the evidence that the gas explosion occurred because of the negligence of appellant in using a defective hose connection, which permitted the gas to escape in, and accumulate in the ceiling of, the cabin, and which gas ignited on coming in contact with the pilot on the gas water heater.

■■ An innkeeper is not an insurer of his guest's personal safety, but his liability does extend to injuries received by the guest from being placed in an unsafe room, because such a matter is peculiarly within the knowledge, control, and power of the innkeeper. It is also settled, both at common law and by the decisions in this country, that, where a guest has proved use by an innkeeper of unsafe and defective gas fixtures and appliances, in consequence of which gas has escaped, causing injury to the guest, he has established a prima facie case of negligence against the innkeeper. Patrick v. Springs, 154 N. C. 270, 70 S. E. 395, Ann. Cas. 1912A, 1209; 14 R. C. L. 508; Texas Cities Gas Co. v. Ellis (Tex. Civ. App.) 63 S.W.(2d) 717; Martin v. St.

Louis, etc., Ry. Co., 329 Mo. 729, 46 S.W.(2d) 149; Fullerton v. Glens Falls Gas Co., 157 App. Div. 191, 141 N. Y. S. 838. In the instant case the evidence showed the leaky condition of the rubber hose connection used by appellant in the cabin; that such defective hose was used prior to and during the time appellee occupied the cabin as a guest; that in the opinion of experts enough gas leaked through the defective hose and accumulated at the ceiling of the cabin to have caused the explosion when the gas came in contact with the pilot light on the water heater; and that a gas explosion did occur in the cabin, seriously injuring appellee. Thus, under the rules stated, a prima facie case of negligence was established against appellant for failure to furnish his guest with a reasonably safe cabin, and the evidence clearly sustains the jury findings on all of the aforementioned issues of liability.

The judgment of the trial court will be affirmed.

Affirmed.