STEVEN LILLER, Plaintiff v. QUICK STOP FOOD MART, INC., Defendant

No. COA97-686

(Filed 15 December 1998)

**Negligence— store security—criminal act of third party—foreseeability—proximate cause**

The trial court did not err by granting summary judgment for defendant in a negligence action against the owner of a convenience store arising from an assault at the store. Although plaintiff's forecast of evidence raised a genuine issue of foreseeability in that four previous assaults at this location and two armed robberies are not so different in character from the attack suffered by plaintiff as to make the attack upon him unforeseeable as a matter of law, there was before the trial court no evidence that an act or omission of defendant constituted a proximate cause of the assault upon plaintiff. Plaintiff alleged that defendant was negligent in failing to take adequate security measures, but his expert's risk assessment was of the store generally and not of this incident, there was testimony that plaintiff's assailant appeared to be intoxicated or on drugs, and plaintiff's expert agreed that individuals who are intoxicated or irrational are not reasonably deterred by security precautions.

Plaintiff appeals from summary judgment order filed 6 December 1996 by Judge D. B. Herring, Jr., in Cumberland County Superior Court. Heard in the Court of Appeals 28 January 1998.

*Hartley & Edwards, by Charlene Edwards, for plaintiff-appellant.*

*Young, Moore, and Henderson, P.A., by John A. Michaels and Reed N. Fountain, for defendant-appellee.*

LILLER v. QUICK STOP FOOD MART, INC.

[131 N.C. App. 619 (1998)]

JOHN, Judge.

Plaintiff appeals the trial court's grant of defendant's summary judgment motion. We affirm.

Pertinent facts and procedural information include the following: Defendant Quick Stop Food Mart, Inc. is a North Carolina corporation which operates a number of convenience stores throughout the state.

On 20 March 1994, plaintiff drove to defendant's Quick Stop Food Mart in Fayetteville (the store) to purchase beer. At approximately 1:30 a.m., plaintiff was the victim of a shooting by a third person (assailant) not employed by defendant. According to plaintiff, he was approached in the parking lot by assailant who pointed a gun at plaintiff and demanded his gold necklace. Plaintiff responded by running toward the store, but was shot by assailant in the left thigh and right leg as plaintiff grabbed the handle of the door. Plaintiff was transported to the hospital and subsequently underwent surgery for his injuries.

Detective Larry J. Ranew (Ranew) of the Cumberland County Sheriff's Department investigated the incident. Ranew interviewed Huey Peterson (Peterson) who had been robbed of his shoes and jacket by assailant in the store's parking lot immediately prior to the assault on plaintiff. Ranew also took statements from the store clerk and plaintiff, both of whom described assailant as having a "wild" look.

Plaintiff filed the instant action 12 December 1995, asserting he had suffered severe and painful injury as a result of defendant's negligence. Plaintiff alleged defendant

> had a legal duty which it owed the Plaintiff to exercise reasonable care to protect patron from intentional injuries by third persons that were foreseeable.

More specifically, plaintiff claimed defendant was negligent "in that it did not take adequate measures to protect its business invitees from criminal acts of third parties."

Lee Witter (Witter), plaintiff's expert witness in security consulting, performed a security audit of the store. Witter concluded that from 21 April 1991 to 20 March 1994, there were twenty-four criminal incidents at the store and the intersection wherein it was located, including seven violent crimes. Moreover, in Witter's opinion,

## LILLER v. QUICK STOP FOOD MART, INC.

[131 N.C. App. 619 (1998)]

the attack on [plaintiff] came as a direct result of a lack of security which was below the minimal standards as well as that required by a high risk area.

Defendant moved for summary judgment 18 November 1996, which motion was allowed in an order entered 5 December 1996. Plaintiff appeals.

Summary judgment is properly entered when the pleadings, depositions, answers to interrogatories, admissions and affidavits show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. N.C.G.S. § 1A-1, Rule 56 (1990). The burden is on the movant to show:

(1) an essential element of plaintiff's claim is nonexistent; (2) plaintiff cannot produce evidence to support an essential element of its claim; or (3) plaintiff cannot surmount an affirmative defense raised in bar of its claim.

*Lyles v. City of Charlotte*, 120 N.C. App. 96, 99, 461 S.E.2d 347, 350 (1995), *rev'd on other grounds*, 344 N.C. 676, 477 S.E.2d 150 (1996).

A *prima facie* case of negligence includes the following elements:

(1) that defendant failed to exercise proper care in the performance of a duty owed plaintiff; (2) the negligent breach of that duty was a proximate cause of plaintiff's injury; and (3) a person of ordinary prudence should have foreseen that plaintiff's injury was probable under the circumstances.

*Lavelle v. Schultz*, 120 N.C. App. 857, 859-60, 463 S.E.2d 567, 569 (1995), *disc. review denied*, 342 N.C. 656, 467 S.E.2d 715-16 (1996).

Defendant argues the trial court's grant of summary judgment was appropriate by reason of failure of the forecast of evidence on each prong of a negligence claim. *See Lavelle*, 120 N.C. App. at 862, 463 S.E.2d at 571 (summary judgment appropriate in absence of evidence of proximate cause). We conclude defendant's contention has merit with regard to the element of proximate cause.

As to whether defendant owed a duty to plaintiff, it is well settled in this jurisdiction that an individual who enters the premises of a retail establishment during business hours, as did plaintiff herein, is a

business invitee for purposes of evaluating the duty owed by the owner of the premises to that individual. *Foster v. Winston-Salem Joint Venture*, 303 N.C. 636, 638, 281 S.E.2d 36, 38 (1981). While an owner is not ordinarily liable for injuries to invitees resulting from intentional, criminal acts of third persons, *id.*,

> [i]f an invitee . . . alleges in a complaint that he or she was on the premises of a store owner, during business hours for the purpose of transacting business thereon, and that while he or she was on the premises injuries were sustained from the criminal acts of a third person, which acts were reasonably foreseeable by the store owner, and which could have been prevented by the exercise of ordinary care, then the plaintiff has set forth a cause of action in negligence which, if proved, would entitle that plaintiff to recover damages from the store owner.

*Id.* at 640, 281 S.E.2d at 39. Thus, determination of an owner's duty with respect to intentional, criminal acts directed at invitees on store premises turns on whether such acts were reasonably foreseeable by the owner.

In *Foster*, plaintiff brought a negligence action seeking to recover damages in consequence of injuries sustained when she was assaulted in defendants' shopping mall. In support of her claim, plaintiff submitted evidence of "thirty-one incidents of criminal activity reported on defendants' premises" in the year prior to her assault. *Id.* at 642, 281 S.E.2d at 40. In reversing the trial court's grant of defendants' summary judgment motion, our Supreme Court stated:

> We cannot hold as a matter of law that the thirty-one criminal incidents . . . occurring on the shopping mall premises within the year preceding the assault on plaintiff were insufficient to charge defendants with knowledge that such injuries were likely to occur. The issue of foreseeability should therefore be determined by the jury[.]

*Id.*

The quantity and quality of criminal incidents necessary to access the *Foster* rule have been examined on several occasions since that 1981 decision. *See, e.g., Murrow v. Daniels*, 321 N.C. 494, 502, 364 S.E.2d 392, 398 (1988) (evidence of one-hundred incidents of criminal activity in five years at intersection where defendant motel was located held "sufficient to raise a triable issue of fact as to whether

the attack on the plaintiff was reasonably foreseeable"); *Sawyer v. Carter*, 71 N.C. App. 556, 322 S.E.2d 813 (1984), *disc. review denied*, 313 N.C. 509, 329 S.E.2d 393-94 (1985) (evidence of single robbery of convenience store five years earlier, coupled with evidence of occasional robberies of other convenience stores and businesses at unspecified locations over extended period of time, insufficient evidence of foreseeability and duty to survive defendant's summary judgment motion); *Brown v. N.C. Wesleyan College*, 65 N.C. App. 579, 583, 309 S.E.2d 701, 703 (1983) ("scattered incidents of crime through a period beginning in 1959 were not sufficient to raise a triable issue as to whether the abduction and subsequent murder of plaintiff's intestate was reasonably foreseeable" by defendant college); *Urbano v. Days Inn*, 58 N.C. App. 795, 798-99, 295 S.E.2d 240, 242 (1982) (evidence of forty-two episodes of criminal activity taking place on motel premises during three-year period prior to plaintiff's injury, twelve in the three and a half month period immediately prior to incident, raised triable issue of reasonable foreseeability).

In the case *sub judice*, defendant asserts that

not only does the forecast of evidence fail to set forth a sufficient number of prior criminal acts on defendant's premises, it does not demonstrate that those few criminal acts which did occur at the [premises] over time were the type of crimes that would reasonably put defendant on notice for the potential of a violent shooting.

We do not agree.

The survey of plaintiff's expert indicated that in the period between 21 April 1991 through 20 March 1994, twenty-four incidents, including seven violent crimes, had occurred at the store and in the immediate vicinity thereof. Defendant takes issue with that assessment, but agrees "plaintiff's forecast of evidence show[ed] four assaults and two armed robberies over a three year period." In light of six undisputed violent incidents over a three-year period, we cannot say as a matter of law that the evidence was "insufficient to charge defendant[] with knowledge that . . . injuries [such as that incurred by plaintiff] were likely," *see Foster*, 303 N.C. at 642, 281 S.E.2d at 40, thereby precluding imposition upon defendant of a duty to have exercised ordinary care to prevent plaintiff's injury.

Notwithstanding, relying on *Shepard v. Drucker & Falk*, 63 N.C. App. 667, 306 S.E.2d 199 (1983), defendant further contends

the *type* of prior crime is important in establishing whether it was sufficiently similar to the crime in question to put the defendant on notice of a particular danger.

*Shephard* is distinguishable.

In *Shepard*, an apartment complex tenant sued her landlord as the result of personal injuries suffered during a sexual assault at gunpoint in the complex parking lot. Evidence of crimes committed at the same complex wherein a passkey was used to break into apartments was held inadmissible because the burglaries "had nothing to do with this attack in the parking lot." *Id.* at 670, 306 S.E.2d at 202.

We agree that property crimes committed on defendant's property, such as shoplifting and "gas driveoffs", do not likely establish the foreseeability necessary to create a duty in this case. However, four assaults and two armed robberies are not so different in character from the attack suffered by plaintiff as to make the attack upon him unforeseeable as a matter of law. Plaintiff was approached by assailant who was armed and demanded plaintiff's gold necklace before shooting him, a transaction not altogether different from assault and armed robbery. The forecast of evidence thus raised a genuine issue of material fact as to the foreseeability to defendant of the attack upon plaintiff. *See Foster*, 303 N.C. at 642, 281 S.E.2d at 39.

However, the sufficiency of the forecast of evidence of proximate cause, likewise an essential element of negligence, is a different matter.

Proximate cause is

a cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the plaintiff's injuries, and without which the injuries would not have occurred, and one from which a person of ordinary prudence could have reasonably foreseen that such a result, or consequences of a generally injurious nature, was probable under all the facts as they existed.

*Hairston v. Alexander Tank & Equipment Co.*, 310 N.C. 227, 233, 311 S.E.2d 559, 565 (1984). To establish that negligence was a proximate cause of the injury suffered, a plaintiff must establish that the injury would not have occurred but for the defendant's negligence. *See Rorrer v. Cooke*, 313 N.C. 338, 361, 329 S.E.2d 355, 369 (1985) (concerning legal malpractice).

**LILLER v. QUICK STOP FOOD MART, INC.**

[131 N.C. App. 619 (1998)]

Notwithstanding allegations in plaintiff's complaint that defendant was negligent in failing to take adequate measures, including the provision of security guards and installation of a security surveillance or burglar alarm system, to protect its customers from the criminal acts of third persons, the forecast of evidence failed to show how the foregoing actions, or any other measures, would have prevented plaintiff's assault.

Plaintiff testified assailant appeared to be intoxicated or high on drugs and "looked mean and wild" and "crazy." According to Ranew's testimony, the store clerk similarly observed a "wild look" on assailant's face. In addition, Ranew stated without objection that Peterson, who had been robbed by assailant immediately prior to the attack on plaintiff, described assailant as "[very] drunk." Substantiating this characterization of assailant was the circumstance that, according to all witnesses, assailant shot plaintiff in front of a well-lighted store and thereupon chased plaintiff into the store to shoot him again, thereby increasing the likelihood of identification and apprehension. Plaintiff's expert agreed that individuals who are irrational or intoxicated as the result of ingestion of drugs or alcohol are not reasonably deterred by security precautions.

Moreover, while plaintiff might seek to rely on Witter's statement that the attack "came as a direct result of a lack of security" as evidence of proximate cause, Witter conceded his risk assessment was "not an analysis of the incident that happened," but rather of the store generally. The expert's deposition likewise revealed a lack of knowledge as to the specifics of the attack on plaintiff.

Taken in context with these latter factors, Witter's conclusory statement without factual support was insufficient to raise a genuine issue of material fact as to the proximate cause element of plaintiff's negligence claim. *See Lavelle*, 120 N.C. App. at 862, 463 S.E.2d at 571 (conclusory statements which "fail[ed] to point to specific facts sufficient to support each element of negligence, particularly . . . proximate cause" were insufficient to withstand summary judgment); *see also Mickles v. Duke Power Co.*, 342 N.C. 103, 111, 463 S.E.2d 206, 212 (1995) (expert's opinion that defendant power company knew decedent lineman's pole strap would fail when using standard work procedures was "inherently incredible" under the circumstances of the case, and did "not suffice to create a genuine issue of material fact for purposes of determining the appropriateness of summary judgment").

Accordingly, there was before the trial court no evidence that an act or omission of defendant constituted a proximate cause of the assault upon plaintiff. *See Braswell v. Braswell*, 330 N.C. 363, 376, 410 S.E.2d 897, 905 (1991) ("[i]t is a sad but certain fact that some individuals commit despicable acts for which neither society at large nor any individual other than those committing the acts should be held legally accountable"). It having been shown that plaintiff was unable to produce evidence to support an essential element of his claim, *Lyles*, 120 N.C. App. at 99, 461 S.E.2d at 350, therefore, the trial court's entry of summary judgment in favor of defendant must be affirmed.

Affirmed.

Judges GREENE and MARTIN, Mark D., concur.