MICHAEL WILLIAMS, Plaintiff v. REECE SMITH, d/b/a REECE'S BODY SHOP, Defendant

No. COA01-749

(Filed 16 April 2002)

**Negligence— premises liability—security**

The trial court did not err by granting summary judgment for defendant in a negligence action arising from the theft of plaintiff's tools from defendant's body shop where plaintiff contended that security was inadequate but the actual cause of the loss was

criminal activity by a third party, there was only one confirmed prior break-in on the premises, and this was not enough to negate the sufficiency of the security methods employed by defendant.

Appeal by plaintiff from order entered 18 March 2001 by Judge Dennis J. Winner in Transylvania County Superior Court. Heard in the Court of Appeals 13 March 2002.

*Law Offices of Michael C. Byrne, by Michael C. Byrne, for plaintiff.*

*Ball, Barden & Bell, P.A., by Ervin L. Ball, Jr., for defendant.*

BRYANT, Judge.

On 6 December 1999, plaintiff-employee Michael Williams filed a complaint against defendant-employer Reece Smith d/b/a Reece's Body Shop alleging that defendant was negligent in that defendant failed to maintain adequate security in connection with the theft of plaintiff's tools occurring at defendant's body shop. As a condition of plaintiff's employment, he was to supply his own work tools. Both plaintiff and defendant stated that it was common practice for employees that work in automotive body shops to supply their own tools. The size and weight of plaintiff's tool chest made it impractical to load and unload the chest each time he left the work site for the day, therefore plaintiff would leave his chest, containing his tools, at the body shop. The chest had a lock on it, although plaintiff stated that he would leave the chest unlocked because nothing had been previously impermissibly removed from the chest.

In November 1998, a theft occurred at the body shop and approximately $43,000 worth of plaintiff's tools and several of defendant's tools were stolen. Earlier that same year, someone broke into the body shop lot and stole several batteries. Defendant did not report this incident to the police, but he did notify plaintiff of the theft. In addition, plaintiff claims that concerning a separate incident, a deputy from the Henderson County Sheriff's Department told plaintiff that someone might have been attempting to break into the body shop building, however, plaintiff could not confirm whether an actual crime was committed. Plaintiff alleges that these prior incidents of criminal activity occurring on the body shop premises put defendant on notice of the potential for future acts of theft to occur on the premises.

**WILLIAMS v. SMITH**

[149 N.C. App. 855 (2002)]

The body shop is secured by a gate that plaintiff claims is in a dilapidated condition. In addition, there is a floodlight located on the premises; however, the parties dispute whether the floodlight was functioning at the time the theft occurred. Plaintiff argues that the dilapidated gate and malfunctioning floodlight are insufficient methods of securing the premises, especially in light of the prior theft incidents.

On 31 January 2001, defendant filed a motion for summary judgment. A hearing on defendant's motion was heard at the 15 March 2001 session of Transylvania County Superior Court with the Honorable Dennis J. Winner presiding. By order filed on 18 March 2001, defendant's motion was granted. Plaintiff gave notice of appeal on 30 March 2001.

---

On appeal, plaintiff argues that the trial court erred in shifting the burden to plaintiff to make a forecast of evidence on which he might recover based on defendant having presented *prima facie* evidence that the theft was the result of criminal activity by a third party. In addition, plaintiff argues that the trial court erred in stating that in order for plaintiff to avoid summary judgment, he must show that significant criminal activity occurred at defendant's place of business. We disagree.

The granting of summary judgment is proper if the pleadings, discovery, admissions, affidavits and deposition testimony, if any, show that there does not exist a genuine issue of material fact and the moving party is entitled to judgment as a matter of law. N.C. R. Civ. P. 56. If the moving party has established the lack of a genuine issue of material fact, then the burden shifts to the non-moving party to present his own forecast of evidence to show that a genuine issue of material fact does exist. *See Cockerham v. Ward*, 44 N.C. App. 615, 618, 262 S.E.2d 651, 654 (1980).

In the case at bar, evidence was presented that the actual cause of plaintiff's loss was the result of criminal activity by a third party. Therefore, in reviewing the granting of defendant's motion for summary judgment, this Court must ascertain what duty, if any, was owed by defendant to plaintiff to protect plaintiff's property from theft due to the criminal activity of a third party. In addition, if a duty is found to exist, then we must determine whether a breach of that duty occurred and whether defendant's actions were the proximate cause of plaintiff's injury. *See Young v. Fun Services-Carolina, Inc.*, 122

N.C. App. 157, 159, 468 S.E.2d 260, 262 (1996) ("The essential elements of negligence are: Duty, breach of duty, proximate cause, and damages. . . . Proximate cause is defined as 'a cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the plaintiff's injuries, and without which the injuries would not have occurred.' " (citations omitted)).

In his brief, plaintiff fails to specifically address what duty, if any, is owed by an employer to his employee to protect the employee's property that is stored at the employer's place of business. Although defendant conceded that under certain circumstances, an employer may be held liable for the theft of his employee's property, defendant does not cite to any authority for this proposition. Moreover, this Court has conducted its own search for North Carolina legal authority addressing the duty owed by an employer to his employee in this context and has found none. Therefore, it appears this issue should be addressed under the ordinary rules of negligence as we find there is no increased duty on the part of defendant in this case.

In a negligence action, there can be no liability if there is no duty owed by the defendant to the plaintiff. *See Prince v. Wright*, 141 N.C. App. 262, 266, 541 S.E.2d 191, 195 (2000). Duty may be imposed if one party undertakes to render services to another and the surrounding circumstances are such that the first party should recognize the necessity to exercise ordinary care to protect the other party or the other party's property; and failure to do such will cause the danger of injury to the other party or the other party's property. *See Davidson and Jones, Inc., v. County of New Hanover*, 41 N.C. App. 661, 666, 255 S.E.2d 580, 584 (1979) ("The law imposes upon every person who enters upon an active course of conduct the positive duty to exercise ordinary care to protect others from harm and calls a violation of that duty negligence."). To establish actionable negligence, it must be shown that the harm complained of was a foreseeable consequence of defendant's alleged negligent act. *See Luther v. Asheville Contracting Co.*, 268 N.C. 636, 642, 151 S.E.2d 649, 653 (1966) ("Foreseeability of injury to another is an essential element of actionable negligence."); *Moore v. Moore*, 268 N.C. 110, 112, 150 S.E.2d 75, 77 (1966) ("To permit recovery for an injury, the jury must find the defendant was guilty of one or more of the negligent acts alleged and that the injurious result was reasonably foreseeable."); *Dunn v. Bomberger*, 213 N.C. 172, 177, 195 S.E. 364, 368 (1938) ("[T]o establish actionable negligence the plaintiff must

show that the defendant, in the exercise of ordinary care, could foresee that some injury would result from [defendant's] alleged negligent act.").

In the case at bar, defendant was aware that plaintiff would store his tools at defendant's body shop when plaintiff would leave work each day. It does not appear that defendant opposed this action. Rather, it appears that defendant acquiesced to plaintiff storing his tools there. Plaintiff argues that defendant did not exercise reasonable care to secure plaintiff's tools from theft. This failure to exercise reasonable care, plaintiff argues, is flagrant in light of the fact that prior incidents of theft had occurred on the premises. According to plaintiff, defendant's failure to provide adequate security was the proximate cause of foreseeable injury to plaintiff. Therefore, plaintiff argues that the trial court improperly granted summary judgment in favor of defendant. We disagree.

The evidence reveals that the perimeter of the premises is secured by a gate, which is secured after hours by a heavy chain and padlock—however, the condition of the gate is in question. As to the body shop building itself, there is a garage door which is secured by a latch that pushes into a bar. There is a metal door with a glass window that can be locked from the inside. In addition, there is a floodlight on the premises—however, the parties dispute whether the floodlight was functioning on the date of the theft. Based on the findings in *Connelly v. Family Inns of Am., Inc.*, 141 N.C. App. 583, 540 S.E.2d 38 (2000), the trial court determined that the plaintiff failed to present evidence of significant criminal activity on the premises to show that the security methods assured by defendant were inadequate. Plaintiff disagrees.

In *Connelly*, the Court addressed the duty owed by a motel to its guests to protect the guests against the criminal activities of third parties. The *Connelly* Court stated that the foreseeability of the complained of acts can be gleaned from evidence of prior crimes including, "the location where the prior crimes occurred, . . . the type of prior crimes committed, . . . and the amount of prior criminal activity. . . ." *Connelly*, 141 N.C. App. at 588, 540 S.E.2d at 41 (citations omitted). Ultimately, the *Connelly* Court found that

"[t]he evidence in this case . . . indicates that in the five years preceding the armed robbery in this case, one hundred instances of criminal activity bearing on the issue of forseeability occurred [within an area not too remote from the premises]. This number

of crimes was sufficient to raise a triable issue of fact as to the foreseeability of the attack upon plaintiffs."

*Connelly*, 141 N.C. App. at 589, 540 S.E.2d at 42. In addition, the *Connelly* Court found that the motel was on sufficient notice of the prior incidents to present a triable issue of foreseeability.

Plaintiff argues that the trial court erred in relying on *Connelly* as that case did not involve a negligence action brought by an employee against an employer. Rather plaintiff offers *Kottlowski v. Bridgestone/Firestone, Inc.*, 670 N.E.2d 78 (Ind. Ct. App. 1996), as persuasive authority.

In *Kottlowski*, employees of an automotive service shop brought a negligence action against the shop owner after the employees' tools were stolen from the shop premises. The *Kottlowski* court, in reviewing a grant of summary judgment in favor of the shop owner, found that a genuine issue of material fact existed concerning whether an after hours break-in resulting in the theft of the employees tools and tool boxes, was a foreseeable result of the shop owner's alleged negligent act of failing to maintain adequate security. In reaching its conclusion, the *Kottlowski* court considered evidence of several criminal acts that had occurred on the premises during the four years preceding the latest break-in.

Even in considering *Kottlowski* as persuasive authority, this Court concludes that the trial court did not err in requiring plaintiff to present evidence of significant criminal activity to overcome defendant's forecast of evidence in support of its motion for summary judgment. In *Kottlowski*, although the court did not detail the exact number of, the type of, or location of the criminal activities that occurred, it is clear that there occurred several incidents of criminal activity, and not just one isolated incident as occurred in the instant case.

In the instant case, there was only one confirmed incident of a break-in occurring on the body shop premises. Standing alone, this prior incident is insufficient to negate the sufficiency of the security methods currently employed by defendant. Therefore, for the reasons stated herein, we hold that the trial court did not err in granting summary judgment in favor of the defendant.

AFFIRMED.

Judges WALKER and HUNTER concur.