SAMUEL N. JACKSON, APPELLANT v. CAROLINA HARDWOOD COMPANY, INC.; W.F.
SLEDGE D/B/A/ CAROLINA HARDWOOD COMPANY, INC.; W.F. SLEDGE,
INDIVIDUALLY, AND WIFE, KATHERINE C. SLEDGE, APPELLEES

No. COA94-1346

(Filed 21 November 1995)

1. Contracts § 126 (NCI4th); Quasi Contracts and Restitution
§ 24 (NCI4th)— sufficiency of complaint to state a claim
for relief

Plaintiff's complaint was sufficient to state a claim for relief
for breach of an express contract and unjust enrichment where
plaintiff alleged that he entered into a written ten-year lease of
land from the corporate defendant which he improved for use as
a golf driving range; the amount he spent on improvements
amounted to a prepayment of rent for the entire ten-year period;
the corporate defendant conveyed the property to the individual
defendant who sold it to a doctor approximately three years into
the lease; the individual defendant filed an affidavit stating that
plaintiff was a lessee and that no default occurred; and the doc-
tor who bought the land demanded that plaintiff vacate because
he had no valid lease.

Am Jur 2d, Contracts § 728; Restitution and Implied
Contracts § 85.

2. Evidence and Witnesses § 23 (NCI4th)— judicial notice—
facts of separate action—absence of proceedings from
record

The Court of Appeals could not take judicial notice of the
"adjudicative facts" of a separate action filed by defendant
against plaintiff which allegedly supported a defense of res judi-

*cata* where the record failed to include any of the proceedings in the separate action.

**Am Jur 2d, Evidence §§ 138, 139.**

Appeal by plaintiff from judgment entered 5 October 1994 by Judge Wiley F. Bowen, in Cumberland County Superior Court. Heard in the Court of Appeals 12 September 1995.

*The Barrington & Jones Law Firm, by Carl A. Barrington, Jr.; and John M. Tyson; for plaintiff-appellant.*

*Reid, Lewis, Deese, Nance & Person, by Marland C. Reid, for defendants-appellees.*

WALKER, Judge.

[1] The sole issue presented on appeal is whether the trial court erred in granting defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *Sutton v. Duke*, 277 N.C. 94, 98, 176 S.E.2d 161, 163 (1970). When ruling on a motion to dismiss, the trial court must consider the allegations to be true. *Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987). The question before the court is whether the allegations in the complaint, if true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not. *Stanback v. Stanback*, 297 N.C. 181, 202, 254 S.E.2d 611, 625 (1979). A complaint should not be dismissed unless it appears that the plaintiff is not entitled to relief under any set of facts which could be proved in support of the claim. *Clouse v. Motors, Inc.*, 14 N.C. App. 117, 187 S.E.2d 398 (1972).

Plaintiff's complaint includes a claim for breach of an express contract. In order to state such a claim, plaintiff must demonstrate that a valid contract existed which terms were breached by the defendant. Here, plaintiff alleges that prior to 5 August 1987, he entered into a written agreement entitled "statement of intent to lease" (agreement) with W. F. Sledge (Sledge). The agreement provided that Sledge would lease a portion of a tract of land located on the All-American Expressway in Cumberland County to Jackson for a period of ten years. The agreement also stated that Jackson could offset his monthly rent of $500.00 by the cost of improving the land for a golf driving range. This agreement was signed by Jackson, as the

proposed tenant, and Sledge, President of Carolina Hardwood, Inc., as the proposed landlord. Plaintiff further alleged that the proposed agreement constitutes an express contract and that the amount spent by plaintiff to improve the land amounted to a prepayment of rent for the entire 10-year period.

On 6 March 1989, Carolina Hardwood conveyed by deed the entire property to W.F. Sledge, and wife, individually. During November 1990, Sledge sold this property to Dr. Inad Atassi, as evidenced by a deed recorded in Cumberland County.

On 21 June 1991, plaintiff received a letter from Dr. Atassi's attorney demanding that plaintiff vacate the land by 31 July 1991 on the grounds that plaintiff did not have a valid lease in the property. Sledge filed an affidavit stating that plaintiff was "rightly a lessee under the said lease agreement," and that no default occurred.

Plaintiff alleges that his agreement with Sledge is enforceable as between the parties and that the subsequent conveyance to Dr. Atassi was a breach of this agreement. After carefully considering plaintiff's allegations at this stage, we find that the complaint sufficiently states a claim upon which relief may be granted.

The complaint also states a claim for relief under the theory of unjust enrichment. In order to state a claim for unjust enrichment, the plaintiff's allegations must set forth that a benefit was conferred on the defendant, that the defendant accepted the benefit, and that the benefit was not gratuitous. *Booe v. Shadrick*, 322 N.C. 567, 570, 369 S.E.2d 554, 556 (1988), *reh'g denied*, 323 N.C. 370, 373 S.E.2d 540 (1988). Here, the complaint alleges that plaintiff made substantial improvements to the land, with defendant's knowledge, upon a good faith belief that he had the exclusive use of the property for ten years. Plaintiff contends that the value of the land has improved substantially and that it would be unjust to allow defendant to retain the benefit of these improvements without paying for them. At this stage of the proceedings we must consider the allegations in plaintiff's complaint to be true. Accordingly, we find that plaintiff's complaint is sufficient to state a claim for unjust enrichment.

[2] In response, defendant argues that the complaint should be dismissed because plaintiff's claims are barred under the doctrine of *res judicata*. Where the complaint discloses an unconditional affirmative defense which defeats the claim asserted or pleads facts which deny the right to any relief on the alleged claim, the complaint may prop-

**JACKSON v. CAROLINA HARDWOOD CO.**

[120 N.C. App. 870 (1995)]

erly be dismissed by a motion under Rule 12(b)(6). *Brown v. Brown*, 21 N.C. App. 435, 437, 204 S.E.2d 534, 535 (1974).

"*Res judicata*, or claim preclusion, prevents a party or one in privity with that party, from suing twice on the same claim or cause of action when a final judgment on the merits was entered in the first suit." *State v. Lewis*, 63 N.C. App. 98, 102, 303 S.E.2d 627, 630 (1983), *aff'd*, 311 N.C. 727, 319 S.E.2d 145 (1984). Prior to the filing of this action on 21 June 1994, Dr. Atassi filed suit seeking to have plaintiff removed from his property. In that action, plaintiff joined Sledge individually, and Carolina Hardwood Co., Inc., as third party defendants.

In his brief, defendant requests this Court to take judicial notice of the "adjudicative facts" in that action. However, we are unable to address the merits of defendant's argument because this Court may only take judicial notice of its own records in another interrelated proceeding where the parties are the same, and the interrelated case is referred to in the case under construction. Here, however, we are not being asked to take judicial notice of our records. *West v. Reddick*, 302 N.C. 201, 202, 274 S.E.2d 221, 223 (1981). Furthermore, it is the duty of the appellant to see that the record is properly compiled and transmitted to the court. *State v. Alston*, 307 N.C. 321, 341, 298 S.E.2d 631, 644 (1983). Rule 9(a)(1)(e) provides that the record on appeal in civil actions shall contain "so much of the evidence, set out in the form provided in Rule 9(c)(1), as is necessary for an understanding of all errors assigned." N.C. R. App. P. 9(a)(1)(e) (1994). Rule 9(c) further provides that "[t]estimonial evidence, voir dire and other trial proceedings necessary to be presented for review by the appellate court may be included either in the record on appeal in the form specified in Rule 9(c)(1) or by designating the verbatim transcript of proceedings of the trial tribunal as provided in Rule 9(c)(2) and (c)(3)." N.C. R. App. P. 9(c) (1994). Here, the record fails to include any of the proceedings in the *Atassi* action and we are unable to address defendant's argument in this regard.

In sum, we find that plaintiff's complaint is sufficient to state a claim upon which relief may be granted. Accordingly, the lower court's decision is reversed.

Reversed.

Judges MARTIN, JOHN C. and McGEE concur.