BDM Invs. v. Lenhil, Inc., 2014 NCBC 32.

STATE OF NORTH CAROLINA

COUNTY OF BRUNSWICK

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
11 CVS 449

BDM INVESTMENTS,              )
                              )
          Plaintiff,          )
                              )
     v.                       )
                              )
LENHIL, INC.; LENNON HILLS,   )
LLC; JUDITH T. HOLLINGSWORTH  )
in her official capacity as EXECUTRIX )
of the ESTATE OF GLENN        )
HOLLINGSWORTH; EDWIN L.       )
BURNETT, III; VIABLE CORP.;   )
GARY LAWRENCE; KEITH          )
MEYERS; MEYERS APPRAISAL      )
SERVICES, LLC; and DANIEL     )
HILLA, III,                   )
                              )
          Defendants.         )
                              )

ORDER AND OPINION

{1}     THIS MATTER is before the court on Defendants Lenhil, Inc., Lennon Hills, LLC, Edwin L. Burnett, III, Viable Corp., and Daniel Hilla, III's (collectively "Lennon Hills Defendants") Motion for Summary Judgment as to Plaintiff's Claim for Piercing the Corporate Veil ("Motion"). For the reasons stated below, the Motion is GRANTED.

*Bowden & Gardner, P.C. by Edwin W. Bowden for Plaintiff BDM Investments.*

*Hodges & Coxe, P.C. by C. Wes Hodges, II and Sarah Reamer Buzzard for Defendants Lenhil, Inc., Lennon Hills, L.L.C., Edwin L. Burnett, III, Viable Corp., and Daniel Hilla, III.*

## I.  FACTUAL AND PROCEDURAL BACKGROUND

{2}     Past opinions of this court provide a more detailed summary of the facts and allegations in this case. *See generally BDM Invs. v. Lenhil, Inc.*, 2014 NCBC LEXIS 6 (N.C. Super. Ct. Mar. 20, 2014); *BDM Invs. v. Lenhil, Inc.*, 2012 NCBC LEXIS 7 (N.C. Super. Ct. Jan. 18, 2012).  In sum, Defendant Viable Corp. ("Viable") employed Glenn Hollingsworth ("Hollingsworth").  Hollingsworth approached Defendant Edwin L. Burnett, III ("Burnett"), the sole shareholder of Viable, and indicated that he had identified some purchasers for lots in the Lennon Hills subdivision, which had been developed by another entity, Defendant Lenhil, Inc. ("Lenhil"), in which Burnett had an ownership interest.  Burnett indicated that he would "take care of" Hollingsworth if he delivered buyers, one of whom was Plaintiff BDM Investments ("BDM").  BDM contends that Hollingsworth served as its agent in the transaction and that he failed to disclose his relationship with Lenhil, Burnett, or Viable.  When BDM purchased lots from Lenhil, Viable, through the use of Burnett's real estate license, received half of the sales commission from the transaction.  Viable then paid Hollingsworth a "consultation fee" equal to the sales commission it received.  In its March 20, 2014 Order, the court concluded that these facts stated a number of claims against Hollingsworth.  The court then granted BDM leave to amend its complaint to state claims against Viable, Lenhil, and Lennon Hills, LLC for respondeat superior liability arising out of Hollingsworth's acts.

{3}     After the March 20, 2014 Order, the Parties disagreed over whether BDM's claim for piercing the corporate veil survived that Order or the court's prior Order on various motions to dismiss, as neither Party had briefed the issue in their summary judgment filings.  After determining that the veil-piercing claim remained in the case, the court granted the Lennon Hills Defendants leave to file a motion for summary judgment directed at that claim.  The Motion has been fully briefed, a hearing was held, and the Motion is ripe for disposition.

{4}      The court does not make findings of fact when ruling on a motion for summary judgment.  *See Hyde Ins. Agency, Inc. v. Dixie Leasing Corp.*, 26 N.C. App. 138, 142, 215 S.E.2d 162, 164–65 (1975).  It is, however, appropriate for the court to describe the undisputed facts or lack of facts the record discloses in order to provide context for the court's ruling on the motion.  The court believes the following facts are either uncontested or, if contested, have been construed in favor of the party opposing the Motion.

### A.  Lennon Hills, LLC and Lenhil, Inc.

{5}      Defendant Lennon Hills, LLC is a member-managed North Carolina limited liability company that was organized on June 14, 2005.  (Hilla Aff. ¶ 3.) Burnett owns a fifty percent membership interest in Lennon Hills, LLC, and Defendant Daniel Hilla, III ("Hilla") owns the remaining fifty percent membership interest.  (Hilla Aff. ¶ 3.)  Burnett and Hilla are the only managers of Lennon Hills, LLC.  (Hilla Aff. ¶ 3.)

{6}      Lenhil was incorporated on June 14, 2005, the same day Lennon Hills, LLC was organized.  (Hilla Aff. ¶ 4.)  Burnett and Hilla are the only shareholders in Lenhil, and each owns fifty percent of Lenhil's shares.  (Hilla Aff. ¶ 4.)  Burnett and Hilla are both directors of Lenhil, and Hilla is its President.  (Hilla Aff. ¶ 4.)

{7}      From their respective inceptions, Lennon Hills, LLC and Lenhil have maintained separate bank accounts, books, and records.  (Hilla Aff. ¶ 9.)  They have not commingled funds and have each filed their own separate tax returns.  (Hilla Aff. ¶ 9.)  Lennon Hills, LLC has a written operating agreement by which it abides. (Hilla Aff. ¶ 10.)  Lenhil has maintained a corporate book that contains its organizational documents, bylaws, and minutes of shareholders and directors meetings.  (Hilla Aff. ¶ 10.)  Plaintiff has forecast no evidence to the contrary as to the failure to comply with corporate formalities.

{8}      Lennon Hills, LLC and Lenhil were formed for the purpose of developing the Lennon Hills subdivision.  (Hilla Aff. ¶ 5.)  Lennon Hills, LLC

acquired the property for the subdivision, then deeded it to Lenhil. (Hilla Aff. ¶ 6.) In return, Lenhil granted Lennon Hills, LLC a deed of trust representing the fair market value of the developed individual lots and townhome pads in the subdivision. (Hilla Aff. ¶ 6.) As individual lots were sold, the particular property sold was released from the lien of the deed of trust. (Hilla Aff. ¶ 6.) Lenhil acquired financing in its own name for the development of the subdivision, contracted in its own name with contractors for construction projects related to the subdivision's development, and contracted in its own name with purchasers of lots in the subdivision, including BDM. (Hilla Aff. ¶ 8.)

{9}     Lenhil is the entity that has developed the subdivision. (Hilla Aff. ¶ 11.) Burnett and Hilla, as the shareholders, directors, and officers of Lenhil, have conducted regular meetings to discuss the subdivision's development and jointly made decisions with respect to the subdivision's development. (Hilla Aff. ¶ 11.)

B. Viable Corp.

{10}     Viable was incorporated in North Carolina on October 18, 1996. (Burnett Aff. ¶ 4.) Since its inception, Burnett has been the sole shareholder and an officer and director of Viable. (Burnett Aff. ¶ 4.) Burnett and his wife are currently the only officers and directors of Viable. (Burnett Aff. ¶ 4.) Burnett has conducted many of his business activities not involving other business partners through Viable. (Burnett Aff. ¶ 7.) Viable has owned property and served as a real estate management company for properties owned by other business entities with which Burnett was involved. (Burnett Aff. ¶ 7.) Also, because Viable, through Burnett, has held a North Carolina real estate license, it has occasionally received commissions on the sale of properties owned by businesses with which Burnett has been involved. (Burnett Aff. ¶ 7.) Since its inception, Viable has maintained its own bank accounts, books, and records. (Burnett Aff. ¶ 7.) It has maintained its own funds, filed its own tax returns, and maintained a corporate book containing its organizational documents, bylaws, and minutes of shareholders and directors

meetings. (Burnett Aff. ¶ 7.) Plaintiff has forecast no evidence to the contrary as to the failure to comply with corporate formalities.

## II.  ANALYSIS

{11}  Summary judgment is proper when the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that no genuine issue as to any material fact exists and that the movant is entitled to judgment as a matter of law. N.C. R. Civ. P. 56(c); *Andresen v. Progress Energy, Inc.*, 204 N.C. App. 182, 184, 696 S.E.2d 159, 160–61 (2010). The moving party must demonstrate the absence of a triable issue and does so either: "(1) by showing that an essential element of the opposing party's claim is nonexistent; or (2) [by] demonstrating that the opposing party cannot produce evidence sufficient to support an essential element of the claim or overcome an affirmative defense which would work to bar its claim." *Wilhelm v. City of Fayetteville*, 121 N.C. App. 87, 90, 464 S.E.2d 299, 300 (1995) (citing *Roumillat v. Simplistic Enters., Inc.*, 331 N.C. 57, 414 S.E.2d 339 (1992)). If the moving party carries this burden, the non-moving party "must 'produce a forecast of evidence demonstrating that the [non-moving party] will be able to make out at least a prima facie case at trial.'" *Roumillat*, 331 N.C. at 63, 414 S.E.2d at 342 (quoting *Collingwood v. Gen. Elec. Real Estate Equities, Inc.*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989)); *Rankin v. Food Lion*, 210 N.C. App. 213, 217, 706 S.E.2d 310, 313–14 (2011); *see also* N.C. R. Civ. P. 56(e) ("[Non-moving party] must set forth specific facts showing that there is a genuine issue for trial."). This forecast "may not rest upon the mere allegations or denials of [a] pleading," N.C. R. Civ. P. 56(e), nor may it rest upon unsworn affidavits or other inadmissible materials, *see Rankin*, 210 N.C. App. at 218–22, 706 S.E.2d at 314–16 (affirming summary judgment where only inadmissible, unauthenticated documents and no affidavits or sworn testimony were submitted in response to summary judgment motion).

{12}  As a general rule, "a corporation is treated as distinct from its shareholders." *State ex rel. Cooper v. Ridgeway Brands Mfg., LLC*, 362 N.C. 431,

438, 666 S.E.2d 107, 112 (2008); *see also* N.C. Gen. Stat § 55-6-22(b) (2013) (providing limited liability for corporate shareholders); N.C. Gen Stat § 57D-3-30 (providing limited liability for interest owners, managers, and company officials of LLCs). "[P]roceeding beyond the corporate form is a strong step: 'Like lightning, it is rare [and] severe[.]'" *Ridgeway Brands Mfg., LLC*, 332 N.C. at 439, 666 S.E.2d at 112 (alteration in original) (quoting Frank H. Easterbrook & Daniel R. Fischel, *Limited Liability and the Corporation*, 52 U. Chi. L. Rev. 89, 89 (1985)). "Nevertheless, in a few instances, exceptions to the general rule of corporate insularity may be made when applying the corporate fiction would accomplish some fraudulent purpose, operate as a constructive fraud, or defeat some strong equitable claim." *Id.* at 439, 666 S.E.2d at 112–13.

{13}    The "instrumentality rule" permits disregard of the corporate form to impose liability on shareholders "[if] the corporation is so operated that it is a mere instrumentality or *alter ego* of the sole or dominant shareholder and a shield for his activities in violation of the declared public policy or statute of the State." *E. Mkt. St. Square, Inc. v. Tycorp Pizza IV, Inc.*, 175 N.C. App. 628, 633, 625 S.E.2d 191, 196 (2006) (quoting *Henderson v. Sec. Mortg. & Fin. Co.*, 273 N.C. 253, 260, 160 S.E.2d 39, 44 (1968) (emphasis in original)).  Under the instrumentality rule, Plaintiff must satisfy three elements:

> (1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and

> (2) Such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of [a] plaintiff's legal rights; and

(3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

*Green v. Freeman*, __ N.C. __, __, 749 S.E.2d 262, 270 (2013).

{14} In determining whether the first element has been satisfied, the court considers the following factors: "Inadequate capitalization . . .; Non-compliance with corporate formalities; . . . Complete domination and control of the corporation so that it has no independent identity; and . . . Excessive fragmentation of a single enterprise into separate corporations." *Timber Integrated Invs., LLC v. Welch*, __ N.C. App. __, __, 737 S.E.2d 809, 818 (2013). Other factors relevant to the first element include "non-payment of dividends, insolvency of the debtor corporation, siphoning of funds by the dominant shareholder, non-function of other officers or directors, [and] absence of corporate records." *Id.* (alteration in original) (quoting *Glenn v. Wagner*, 313 N.C. 450, 458, 329 S.E.2d 326, 332 (1985)) (internal quotation marks omitted). The fact that a business entity is closely held or held by a single owner is not sufficient to show control adequate to pierce the corporate veil. *See Henderson*, 273 N.C. at 260, 160 S.E.2d at 44 (1968) ("The mere fact that one person . . . owns all of the stock of a corporation does not make its acts the acts of the stockholder so as to impose liability therefor upon him.").

{15} Through its veil-piercing claim, BDM seeks to impose personal liability on Burnett and Hilla for damages caused by Hollingsworth's actions taken while he was acting as an agent for Lenhil, Lennon Hills, LLC, or Viable.

A. <u>Lennon Hills, LLC and Lenhil, Inc.</u>

{16} In addition to Plaintiff's failure to forecast evidence to the contrary, the Lennon Hills Defendants have presented substantial evidence indicating that Lennon Hills, LLC and Lenhil were adequately capitalized, maintained books and records, and complied with corporate formalities. Lenhil acquired financing in its

own name for the development of the subdivision, contracted in its own name with contractors for construction projects related to the subdivision's development, and contracted in its own name with purchasers of lots in the subdivision. Both entities have maintained their own records and bank accounts and filed their own individual tax returns. Defendants contend, and the court agrees, that the only evidence of Burnett and Hilla's alleged complete and total domination of the entities is the fact that they are the only shareholders and members of Lenhil and Lennon Hills, LLC.

{17} The Lennon Hills Defendants, as the parties moving for summary judgment, have satisfied their initial burden of showing that BDM cannot present substantial evidence of the first element of its veil-piercing claim. Accordingly, the burden shifts to Plaintiff to produce a forecast of evidence showing, with particularity, how it will be able to produce a prima facie case in support of this first element.

{18} BDM contends that Hilla and Burnett completely dominated Lennon Hills, LLC and Lenhil, and apparently contend that this control is adequate to support piercing the corporate veil. In support of this contention, BDM points predominantly to the business structure used by Hilla and Burnett in creating Lennon Hills, LLC and Lenhil to develop the subdivision, the fact that Burnett and Hilla are the sole owners of each entity, and the fact that Burnett and Hilla both knew Hollingsworth was going to solicit buyers for lots in Lennon Hills. BDM has not presented any evidence of Burnett or Hilla commingling corporate or LLC funds, failing to observe corporate formalities, or undercapitalizing either entity. BDM also has not presented evidence that Burnett and Hilla completely dominated Lennon Hills, LLC or Lenhil such that either entity no longer had an independent identity. The fact that an entity is solely owned or closely held, without more, is insufficient evidence of control rising to the level of "complete domination" required by the instrumentality rule's first element. BDM has not forecast evidence of such control, and the court must grant summary judgment on BDM's veil-piercing claim

to the extent that it concerns piercing the veils of Lenhil or Lennon Hills, LLC to impose personal liability on Burnett or Hilla.

B. Viable Corp.

{19} The Lennon Hills Defendants contend that there is no evidence of Burnett, the sole shareholder of Viable, using any control of that entity to commit any wrongdoing that caused BDM's injury.[1] That wrongdoing, if proven at trial, would be Hollingsworth's failure to disclose his relationship with the Lennon Hills Defendants to BDM. The court has already concluded that BDM may seek recovery against Hollingsworth's estate and Lenhil, Lennon Hills, LLC, and/or Viable, on the basis of respondeat superior through proof of Hollingsworth's agency, for this non-disclosure. However, the Lennon Hills Defendants have satisfied their burden of showing that BDM cannot present substantial evidence of the second and third elements of its veil-piercing claim. Accordingly, the burden shifts to BDM to produce a forecast of evidence showing, with particularity, how it will be able to produce a prima facie case in support of this claim.

{20} In response, BDM primarily contends that Burnett should face liability because, as the sole shareholder and primary officer of Viable, he knew Hollingsworth would solicit buyers, that he benefited from that activity as Viable's sole shareholder, and that he considered any benefit to Viable was also his personal benefit. This contention, along with others advanced by BDM when invoking its imprecise equitable arguments, does not show how Burnett's control or domination of Viable, even if proven, was used to commit a wrongdoing that caused BDM's injury. Accordingly, the court grants the Lennon Hills Defendants' Motion as to BDM's veil-piercing claim to the extent that it concerns piercing the veil of Viable to impose liability on Burnett.

---

[1] The court assumes, without deciding, that BDM has forecast sufficient evidence of Burnett's control of Viable to preclude summary judgment for Burnett if the issue of control was the only disputed issue. As to Viable, however, BDM's claim also fails with regard to the second and third elements of the instrumentality rule, which require that the control be used to commit some wrongdoing that caused the plaintiff's injury.

### III. CONCLUSION

{21}    For the foregoing reasons, Defendants Lenhil, Inc., Lennon Hills, LLC, Edwin L. Burnett, III, Viable Corp., and Daniel Hilla, III's Motion for Summary Judgment as to Plaintiff's Claim for Piercing the Corporate Veil is GRANTED, and that claim is DISMISSED WITH PREJUDICE.  No other claims remain against Defendants Edwin L. Burnett, III or Daniel Hilla, III, and they are dismissed from this action.  The court will by separate order set this matter for trial.

IT IS SO ORDERED this 21st day of July, 2014.