STROUD, Judge.
 

 *203
 
 Plaintiff Aaron Jenkins, Jr. appeals from the superior court's order granting defendants' ("defendant Batts" and "defendant PLLC") motion for summary judgment and motion to dismiss. On appeal, plaintiff argues that the trial court erred in granting defendants' motion to dismiss and motion for summary judgment. As the trial court considered the motions as a summary judgment motion, we review its order on that basis and conclude that the complaint does state a claim upon which relief may be granted, and considering the additional affidavits and information considered by the trial court, genuine issues of material fact remain to be resolved by a jury. Accordingly, we reverse the trial court's order.
 

 Facts
 

 Plaintiff's complaint tended to show the following facts. According to plaintiff, defendant Batts agreed to represent plaintiff in personal injury actions arising out of plaintiff's incarceration in 2009. Plaintiff and defendant Batts met on 19 July 2011 and defendant agreed to represent plaintiff in the personal injury actions at that time. In 2012, the statute of limitations ran on plaintiff's claims, but no lawsuit was ever filed by defendant Batts with the North Carolina Industrial Commission. Plaintiff alleged that defendant Batts, as a lawyer practicing law in this state, owed a duty to of care towards plaintiff to act within the requisite standard of care. Plaintiff argued that defendant Batts breached that duty by failing to timely file and preserve his claims; failing to advise on statute of limitations; failing to notify plaintiff orally or in writing if he was not going to represent him; and failing to safeguard and provide plaintiff with his entire file.
 

 In response, defendants filed a motion to dismiss, answer, and affirmative defenses on 3 September 2014. Defendants' first defense and motion to dismiss stated defendant Batts' version of the events. Defendant Batts acknowledged that he interviewed plaintiff on 19 July 2011 regarding two alleged incidents that occurred when plaintiff was incarcerated. The first involved injuries to plaintiff arising from another inmate tying a blanket around one of his legs while asleep, which caused him to fall and led to a herniated disk in his back. The other alleged incident occurred when plaintiff was shackled and handcuffed in the front, walking down a ramp to be loaded into the jail van and be taken back to jail from the courthouse. In that incident, plaintiff said he lost his footing on the ramp because it was icy and fell on his back and was injured.
 

 *204
 
 In relation to the first incident, defendants alleged that plaintiff " was informed of the unlikelihood of recovery on the facts as he stated them and that any action against the Sheriff would be pursued only with advance retainer payments." As for the second incident, defendants again alleged that defendant Batts discussed the challenges of the
 
 *630
 
 case with plaintiff and pointed out potential issues with contributory negligence since other inmates used the same ramp without falling. Defendants alleged further that plaintiff was told that defendant Batts could not commit to filing any action on plaintiff's behalf "until additional research supported a conclusion that Plaintiff stood a good chance of being successful[.]" Furthermore, defendants claimed that plaintiff "was informed of the statute of limitations and the consequences of same and that an action would not be pursued unless he provided payment of an amount believed to be $280.00." Defendants alleged that plaintiff never paid that amount, so he had "no reasonable expectation" that an action would be filed on his behalf by defendants. Defendants also alleged that defendant Batts initially had contact with plaintiff on 25 June 2011 in relation to a traffic charge of driving while his license was revoked, and he was able to get a reduction of plaintiff's charge but then was never paid more than $50.00 by plaintiff.
 

 Defendants' answer included additional defenses and motions to dismiss for breach of contract, lack of vicarious liability, contributory negligence, failure to state a claim, and good faith belief that best judgment was used by defendant Batts when initially advising on plaintiff's case. Defendants also attached, as Exhibit 1, defendant Batts' client interview notes from his meeting with plaintiff on 19 July 2011. In addition, defendants attached defendant Batts' notes from his interview with plaintiff on 25 June 2011.
 

 Plaintiff filed an affidavit on 6 January 2015 disputing some of the facts alleged in defendants' answer. For example, plaintiff asserted that defendant Batts "did agree to take [his] civil cases on a contingency fee basis." Furthermore, plaintiff alleged that defendant Batts "mentioned nothing to [him] at all about the statute of limitations or that [he] needed to do anything else to preserve [his] rights" and never sent a letter advising him about such limits.
 

 Plaintiff also filed an affidavit of Brian Walker, an attorney practicing in North Carolina, who asserted that in his opinion, defendant Batts "violated the standard of care [for practitioners in North Carolina] by failing to advise plaintiff of the applicable statute of limitations and failing to timely file the actions." Mr. Walker also asserted that "[e]ven if the jury believed [defendant] Batts['] version of events, [defendant] Batts
 
 *205
 
 violated the standard of care by failing to advise [plaintiff] in writing of the applicable statutes of limitations and their impacts." Finally, Mr. Walker stated that " [t]he underlying matters had merits and in my opinion as a practitioner, the plaintiff would have recovered damages in each case had they been timely filed and handled."
 

 On 20 January 2015, defendants filed a memorandum in support of their motions to dismiss and for summary judgment stating much of the same information as in the earlier answer. The trial court held a hearing on 20 January 2015 regarding defendant's motion for summary judgment and motion to dismiss. At the hearing, defendant Batts briefly described defendants' version of the facts. Defendant Batts then referenced plaintiff's affidavit, stating: "But he has produced a-there's an affidavit from him that indicates he disagrees with two things. One, that I charged him a fee up front and, two, that I told him about statute of limitations." Defendant Batts, while noting that the hearing was for a summary judgment motion, explained: "And so to get through summary judgment, obviously, [plaintiff is] contesting whether or not there was a requirement to pay up front money. So that's we might say for the jury." Defendant Batts also argued that two of his defenses in his motion, a motion to dismiss and motion to dismiss based on contributory negligence, were both based on plaintiff's failure to pay. Defendant Batts pointed out again, however, that plaintiff "disagrees with that" contention.
 

 Plaintiff's counsel then addressed the court, noting that in contrast to defendants' recitation of the facts, plaintiff contended "that he was told by [defendant] Batts that he was representing him on the personal injury action on a contingency fee basis only." Plaintiff's counsel pointed out that defendant Batts' intake notes refer to plaintiff as "client" and claimed that those notes would support a ruling in plaintiff's favor, but noted "that would ultimately be up to a jury."
 

 *631
 
 Plaintiff's counsel brought an affidavit from a licensed attorney who would testify at trial that defendant Batts violated the standard of care. Once again, plaintiff's counsel argued that "[i]t's a question of fact for the jury as to the credibility of the two parties."
 

 Defendant Batts
 
 [1]
 
 responded, in relation to a contingency fee agreement document, that "[o]ne was not produced for [plaintiff] because he
 
 *206
 
 had not, we had [sic] agreed to take his case yet. But, again, that's a matter for the jury." Defendant Batts argued that evidence was missing from the record to show that any negligence on the part of defendants caused plaintiff to not recover. Defendant Batts pointed out that "in the summary judgment action, there should be a forecast of the type of evidence that would be produced to a jury from which the jury can do something other than speculate or guess or surmise about whether or not recovery would have actually taken place." Thus, defendant Batts argued that "the case is completely deficient of a showing that there is a proximate, that the negligence was a proximate cause of the person not being able to recover money."
 

 Plaintiff's counsel, by contrast, argued that such evidence was not missing but rather could be found in plaintiff's affidavit. Plaintiff pointed out that while "a typical [slip and fall on] ice case is a tough case," that is not so "when you're in shackles and there's nothing you can do about it." After the court questioned precisely what the licensed attorney that plaintiff's counsel identified as his "expert" would testify to in regards to a violation of the standard of care, plaintiff argued that such specifics were not what was at issue at the hearing, but rather "[w]hat's before you today is a question of did [defendant Batts] agree to represent [plaintiff] on a contingency fee basis." Plaintiff reiterated that what was before the court "is a he said, she said summary judgment." The trial court cut off plaintiff before he could finish his statement, concluding "I'm going to allow the motion for summary judgment."
 

 On 9 February 2015, the trial court issued an order granting defendants' motion to dismiss and for summary judgment, dismissing all of plaintiff's claims with prejudice. Plaintiff timely appealed to this Court. On 29 April 2015, defendants filed a motion for extension of time to settle and file the record on appeal, which was granted on 1 May 2015. Since the parties did not agree on the record, it was settled by operation of rule on 30 May 2015 and subsequently filed and docketed on 8 June 2015. Documents that the parties did not agree on that were requested by defendants were included in a Rule 11(c) supplement to the record on appeal. In addition, on 24 August 2015, this Court granted plaintiff's motion to supplement the record on appeal pursuant to Rule 9(b)(5)(b) of the Rules of Appellate Procedure.
 
 [2]
 

 *207
 

 Discussion
 

 I. Motion to Dismiss
 

 The first issue raised on appeal is whether the trial court erred in granting defendants' motion to dismiss under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure on the grounds that the complaint failed to state a claim upon which relief can be granted. Plaintiff argues that his complaint states a claim upon which relief can be granted and, therefore, we should reverse the trial court's granting of defendants' motion to dismiss.
 

 Because the trial court considered matters outside the pleadings and treated the matter as a motion for summary judgment, we need not specifically address defendants' motion to dismiss under Rule 12(b)(6). While the trial court's written order grants both defendants' motion to dismiss and the motion for summary judgment, the trial court clearly rendered its ruling as if it was based on a summary judgment motion. Defendants'
 

 *632
 
 memorandum in support of the motion to dismiss and motion for summary judgment requested, in the prayer for relief, that the trial court grant summary judgment in favor of defendants. Furthermore, it is evident from both the record itself and the hearing that the trial court considered more than just the pleadings, but also plaintiff's affidavit and other additional information.
 

 Thus, even if defendants had only made a motion to dismiss, the trial court's consideration of affidavits and other information outside the pleadings would have converted such motion into a motion for summary judgment.
 
 See, e.g.,
 

 Morris v. Moore,
 

 186 N.C.App. 431
 
 , 434,
 
 651 S.E.2d 594
 
 , 596 (2007) ("When material outside of the pleadings is presented to the trial court during a hearing considering a motion to dismiss pursuant to Rule 12(b)(6), and the material is not excluded by the trial court, the motion is treated as one for summary judgment and disposed of pursuant to Rule 56 of the North Carolina Rules of Civil Procedure."). Accordingly, we focus our analysis on the court's granting of defendant's motion for summary judgment.
 

 II. Summary Judgment
 

 The second-and primary-issue on appeal, therefore, is whether the trial court erred when it granted defendants' motion under Rule 56 of the Rules of Civil Procedure on the grounds that there was no genuine issue of material fact. Plaintiff argues that the trial court erred in entering summary judgment for defendant because "[t]here was sufficient
 
 *208
 
 evidence of each of the elements for the tort to necessitate denying the Motion for Summary Judgment."
 

 Under Rule 56(c) of the Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." "A trial court's decision to grant a summary judgment motion is reviewed on a
 
 de novo
 
 basis."
 
 Austin Maint. & Constr., Inc. v. Crowder Constr. Co.,
 

 224 N.C.App. 401
 
 , 408,
 
 742 S.E.2d 535
 
 , 541 (2012).
 

 Thus, this Court's review is limited to "whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law."
 
 Campbell v. Duke University Health Sys., Inc.,
 

 203 N.C.App. 37
 
 , 42,
 
 691 S.E.2d 31
 
 , 35 (2010). "When considering a motion for summary judgment, the trial court must consider the evidence in the light most favorable to the non-moving party."
 
 Manecke v. Kurtz,
 

 222 N.C.App. 472
 
 , 474,
 
 731 S.E.2d 217
 
 , 220 (2012) (internal quotations and brackets omitted). Furthermore, this Court has noted to prevail in a summary judgment action, "[t]he movant ... bears the burden of showing that (1) an essential element of plaintiff's claim is nonexistent; (2) plaintiff cannot produce evidence to support an essential element of its claim; or (3) plaintiff cannot surmount an affirmative defense raised in bar of its claim."
 
 Andresen v. Progress Energy, Inc.,
 

 204 N.C.App. 182
 
 , 184,
 
 696 S.E.2d 159
 
 , 161 (2010) (internal quotations omitted).
 

 In this case, in an effort to show that an element of plaintiff's claim is nonexistent, defendants claim that plaintiff failed to properly allege and could not prove "that any failure to timely file Plaintiff's action resulted in the loss of damages to Plaintiff." We disagree. Plaintiff's complaint identifies the underlying causes of action and alleges that defendant Batts failed to file or inform plaintiff that he was not going to file a claim on his behalf while also failing to notify him of the statute of limitations for his claims. Furthermore, plaintiff alleges that he would have prevailed in at least one of his underlying claims to recover "in excess of $10,000" and claims that "[a]s a result of [defendant] Batts['] negligent acts, [plaintiff] has been damaged in an amount in excess of $10,000." Construing the allegations in the light most favorable to plaintiff, we find defendants' argument to be without merit.
 

 Defendants further claim on appeal that plaintiff's complaint is fatally deficient because it fails to allege any actual physical injury suffered by plaintiff as a result of negligence by the Edgecombe County Sheriff or
 
 *209
 
 the State of North Carolina. Although we need not spend much time addressing this
 
 *633
 
 issue, we once again disagree. The trial court treated the matter as a summary judgment motion and considered not just the complaint but also additional documents including defendants' answer and interview notes, which both noted that plaintiff alleged that he had a herniated disk from the first incident and that his back was injured in the fall on the icy ramp. In the complaint itself, plaintiff alleged that he " would have prevailed in at least one of the underlying claims which [defendant] Batts failed to file which would have resulted in a recovery in excess of $10,000." This is sufficient to survive summary judgment.
 

 In addition, defendants present arguments on appeal claiming that defendants made a "reasonable showing" of affirmative defenses presented in their answer to defeat plaintiff's complaint. Defendants may have affirmative defenses upon which they will ultimately prevail but that is not relevant to our review of the trial court's summary judgment motion. What matters is whether any genuine issue of material fact exists, taking all of the allegations in the light most favorable to plaintiff.
 
 See
 
 N.C. Gen.Stat. § 1A-1, Rule 56(c). In this case, there is no question that such material factual issues remain, and defendant himself identified them in his argument to the trial court when he stated, "that's a matter for the jury."
 

 Here, plaintiff's complaint states a claim for professional negligence. Plaintiff alleged that defendants agreed to represent plaintiff in the underlying actions, owed him a duty of care in that representation, and then breached that duty by failing to timely file and preserve plaintiff's claims, failing to advise plaintiff on the statute of limitations for his claims, and failing to timely notify plaintiff that defendants would not be representing plaintiff. When the affidavits and other evidence-including that produced by defendants-are viewed in the light most favorable to plaintiff, they show that plaintiff was seriously injured in both alleged incidents and they support a claim for professional negligence. Defendant Batts' client notes contain additional support for plaintiff's claims, as defendant Batts refers to plaintiff as "client" and lists the facts of the alleged incidents.
 

 The evidence presented to the court further shows genuine issues of material fact that remain and should have been left for a jury. At the hearing, defendants themselves actually identified several genuine issues of material fact regarding their agreement on representation and the failure to inform plaintiff on the statute of limitations as "for the jury." Furthermore, in defendants' memorandum in support of his motion to dismiss and for summary judgment, defendant identifies a material
 
 *210
 
 issue when he notes his argument regarding plaintiff being contributorily negligent for failing to pay. Defendants' memorandum claims that "[n]o attorney client relationship existed, and attorney had no duty [to] file any action on Plaintiff's behalf, after properly informing Plaintiff of his obligation to pay legal service fees and the consequences of his failure to do so." Plaintiff, in contrast, argued that he and defendants did have an attorney-client relationship and that defendant Batts never informed him of the statute of limitations and consequences.
 

 In addition, at the hearing on defendants' motion, defendant Batts himself identified a genuine issue of material fact when he was discussing the facts and plaintiff's affidavit, stating "But [plaintiff] has produced a-there's an affidavit from him that indicates he disagrees with two things. One, that I charged him a fee up front and, two, that I told him about statute of limitations." Moreover, defendant Batts later made the following statement: "And so to get through summary judgment, obviously, he's contesting whether or not there was a requirement to pay up front money. So that's we might say for the jury." This evidence, viewed as a whole and in plaintiff's favor, indicates that genuine issues of material fact remained in dispute.
 

 Similarly, defendants also assert on appeal that the trial court "could reasonably have determined that Defendants met their burden of (1) proving that an essential element of the plaintiff's case is non-existent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an
 
 *634
 
 affirmative defense." "Reasonable determination" is not, however, the proper standard of review for a summary judgment motion or a motion to dismiss which is being considered as a summary judgment motion, as explained in Rule 56(c).
 

 Defendants dispute plaintiff's allegations, but plaintiff has plead the elements of a professional negligence action and supported his allegations with affidavits, and the material facts surrounding the action remain in dispute. Plaintiff is not required to produce a forecast of evidence until defendants have met their burden; nevertheless, in this case, plaintiff has produced a sufficient forecast of evidence to demonstrate issues of material fact which prevent summary judgment.
 
 See, e.g.,
 

 Gaunt v. Pittaway,
 

 139 N.C.App. 778
 
 , 784-85,
 
 534 S.E.2d 660
 
 , 664 (2000) ("Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a
 
 prima facie
 
 case at trial."). Since material factual
 
 *211
 
 issues remain in this case, defendants have not-and cannot-meet that burden. Thus, we need not address this argument in more detail.
 

 Defendants also argue that summary judgment in favor of defendant PLLC is proper even if not as to defendant Batts individually. This argument, however, is misplaced, as it addresses the wrong issue. Defendants' argument refers to the assignment of legal malpractice claims
 
 to another
 
 to prosecute, which has nothing to do with the liability of the PLLC for defendant Batts' actions in the course and scope of his employment. The issue in this case regarding defendant PLLC is not assignability, but rather, vicarious liability. As defendants' argument regarding the PLLC is irrelevant to the facts of this case, we decline to address it further.
 

 As this Court has noted, "[s]ummary judgment is a drastic measure, and it should be used with caution, especially in a negligence case in which a jury ordinarily applies the reasonable person standard to the facts of each case."
 
 Harrison v. City of Sanford,
 

 177 N.C.App. 116
 
 , 121,
 
 627 S.E.2d 672
 
 , 676 (2006). Here, plaintiff alleged all the essential elements of a professional negligence claim in his complaint and supported them by affidavits. Even the defendant acknowledged before the trial court that genuine issues of material fact remain that should be resolved by a trier of fact. Consequently, we find that the court below erred when it granted defendants' motion for summary judgment in this case.
 

 Conclusion
 

 In sum, we conclude that plaintiff's complaint does state a claim upon which relief may be granted and there are genuine issues of material fact in dispute. We hold, therefore, that the trial court erred in granting defendants' motion to dismiss and motion for summary judgment. Accordingly, we reverse the decision of the court below.
 

 REVERSED.
 

 Judges DIETZ and TYSON concur.
 

 [1]
 

 The transcript shows a "Mr. Battle" as the person who spoke these words. Considering the fact that no one of such name was present at the hearing, that defendant Batts' name is similar, and the context of the words, we can reasonably assume this name was written in error and defendant Batts was the person who made these statements at the hearing.
 

 [2]
 

 Defendant argues in his appellate brief that the record on appeal contains "material deficiencies" that should result in this Court dismissing plaintiff's appeal. Since this Court allowed plaintiff's motion to supplement the record on appeal, addressing the main issues defendant raises, we decline to address these arguments further.